# EXHIBIT A

## (Proposed Order)

LEGAL_US_W # 62352060 9
RLF1 3515697v 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                              :
In re                                         :  Chapter 11
                                              :
Fairfield Residential LLC, et al ,¹           :  Case No. _____ (_____)
                                              :
        Debtors.                              :  (Jointly Administered)
                                              :
------------------------------------------------------------x
```

**ORDER GRANTING APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL BANKRUPTCY RULE 2014-1, FOR AN ORDER AUTHORIZING THEM TO EMPLOY AND RETAIN IMPERIAL CAPITAL, LLC AS FINANCIAL ADVISORS AND INVESTMENT BANKERS *NUNC PRO TUNC* TO THE PETITION DATE AND TO WAIVE THE INFORMATION REQUIREMENTS OF LOCAL BANKRUPTCY RULE 2016-2(d)**

This matter coming before the Court on the Application of Debtors and Debtors in

Possession Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules

2014(a) and Local Bankruptcy Rule 2014-1, for an Order Authorizing Them to Retain and

Employ Imperial Capital, LLC as Financial Advisors and Investment Bankers *Nunc Pro Tunc* to

the Petition Date and to Waive the Information Requirements of Local Bankruptcy Rule 2016-

---

[1] The Debtors are the following 15 entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Fairfield Residential LLC, a Delaware limited liability company (8277), Fairview Homes, Inc , a Delaware corporation (9930), FF Development L P , a Delaware limited partnership (2310), FF Properties L P , a Delaware limited partnership (5355), Fairview Residential LLC, a Delaware limited liability company (5416), FF Realty LLC, a Delaware limited liability company (5941), Fairfield Financial A LLC, a Delaware limited liability company (7014), FF Investments LLC, a Delaware limited liability company (7066), Fairview Investments LLC, a Delaware limited liability company (9605), Fairfield Affordable Housing LLC, a Delaware limited liability company (7111), FF Development, Inc , a Delaware corporation (2308), FF Properties, Inc , a Delaware corporation (5354), Fairview Residential L P , a Delaware limited partnership (9788), Fairview Residential WA LLC, a Delaware limited liability company (9703) and Fairview Residential CA L P , a Delaware limited partnership (9972). The mailing address of each of the Debtors is 5510 Morehouse Drive, Suite 200, San Diego, California 92121

2(d) (the "Application"),[2] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); and the Court having reviewed the Application, the Carlson Affidavit and the Hinkelman Affidavit; and the Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied based on the representations made in the Application and the Carlson Affidavit that (a) Imperial neither holds nor represents any interest adverse to the Debtors' estates and (b) Imperial is "disinterested" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") and as required by section 327(a) of the Bankruptcy Code; and due and proper notice of this Application having been provided; and the Court having found that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.    The Application is granted *nunc pro tunc* to the Petition Date.

2.    The Debtors are authorized to employ and retain Imperial in accordance with the terms and conditions set forth in the Agreement.

3.    The Agreement is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse and indemnify Imperial in accordance with the terms and conditions and at the times specified in the Agreement.

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

2

4.     Imperial shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Agreement.

5.     Imperial shall file monthly, interim and final fee applications in accordance with any procedures established by the Court, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). However, notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications that, Imperial shall be excused from maintaining time records in tenths of an hour as set forth in Local Rule 2016 but instead shall track professionals' time usage in hourly increments.

6.     The indemnification provisions of the Agreement are approved, subject to the following modification:

> The Debtors shall have no obligation to indemnify Imperial, or provide contribution or reimbursement to Imperial, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Imperial's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Imperial's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to Imperial's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which Imperial should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by the terms of the Order.

7.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

LEGAL_US_W # 62352060 9
RLF1 3515697v 1

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. To the extent that this Order is inconsistent with the terms of the Application, the terms of this Order shall govern.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
     Wilmington, Delaware

_____
United States Bankruptcy Judge

4