IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FAIRFIELD RESIDENTIAL LLC, *et al.*,[1] | Case No. 09-14378 (BLS) |
| Debtors. | (Jointly Administered) |

**APPLICATION TO RETAIN AND EMPLOY GLASSRATNER ADVISORY &
CAPITAL GROUP, LLC AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
EFFECTIVE AS OF DECEMBER 22, 2009**

The Official Committee of Unsecured Creditors (the "Committee") of Fairfield Residential LLC, *et al.* (the "Debtors") hereby applies to the Court (the "Application") for an order (the proposed form of which is attached hereto as Exhibit A, the "Order") pursuant to 11 U.S.C. §§ 328(a) and 1103(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2014, authorizing the employment and retention of GlassRatner Advisory & Capital Group, LLC ("GlassRatner") as financial advisor to the Committee, effective as of December 22, 2009, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Committee respectfully represents as follows:

---

[1] The Debtors are the following 15 entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Fairfield Residential LLC, a Delaware limited liability company (8277), Fairview Homes, Inc., a Delaware corporation (9930), FF Development L.P., a Delaware limited partnership (2310), FF Properties L.P., a Delaware limited partnership (5355), Fairview Residential LLC, a Delaware limited liability company (5416), FF Realty LLC, a Delaware limited liability company (5941), Fairfield Financial A LLC, a Delaware limited liability company (7014), FF Investments LLC, a Delaware limited liability company (7066), Fairview Investments LLC, a Delaware limited liability company (9605), Fairfield Affordable Housing LLC, a Delaware limited liability company (7111), FF Development, Inc., a Delaware corporation (2308), FF Properties, Inc., a Delaware corporation (5354), Fairview Residential L.P., a Delaware limited partnership (9788), Fairview Residential WA LLC, a Delaware limited liability company (9703) and Fairview Residential CA L.P., a Delaware limited partnership (9972). The mailing address of each of the Debtors is 5510 Morehouse Drive, Suite 200, San Diego, California 92121.

ny-905481

## BACKGROUND

1. On December 13, 2009, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code (the "Petition Date"). No trustee or examiner has been appointed in these cases. The Debtors' cases are being jointly administered. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

3. On December 22, 2009, the United States Trustee for the District of Delaware (the "United States Trustee") appointed the seven (7) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.[2]

4. On December 22, 2009, the Committee selected the law firm of Morrison Foerster LLP ("Morrison Foerster") to serve as its lead counsel and Landis Rath & Cobb LLP ("Landis Rath") to serve as its Delaware co-counsel.

5. On December 22, 2009, the Committee selected GlassRatner to serve as its financial advisor.

## RELIEF REQUESTED

6. By this Application, the Committee seeks entry of an Order pursuant to sections 328 and 1103 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules authorizing the Committee to retain GlassRatner as its financial advisor, effective as of December 22, 2009.

7. GlassRatner is a financial advisory firm with expertise in the area of chapter 11 insolvency and business reorganizations. GlassRatner professionals have provided assistance in thousands of matters covering a range of chapter 11 insolvency and business reorganization

---

[2] The Notice of Appointment of Committee of Unsecured Creditors was filed on December 23, 2009 [Docket No. 96].

2

ny-905481

matters. GlassRatner maintains offices at Lenox Overlook, 3391 Peachtree Road, N.E., Suite 110, Atlanta, GA 30326, and other locations throughout the United States. GlassRatner's professionals have extensive familiarity with the accounting practices in insolvency matters in the bankruptcy courts in the District of Delaware and in other states. In addition, GlassRatner has direct experience with and understanding of the specific issues at play in the Debtors' cases because, prior to the Petition Date, GlassRatner represented the Ad Hoc Steering Committee of Lenders (the "Steering Committee") to represent their collective interests in negotiations with the Debtors.

8. The Committee has determined that it is in the best interests of unsecured creditors and the Debtors' estates to retain financial advisors to assist the Committee in these chapter 11 cases. The Committee desires to retain GlassRatner to provide such financial services as GlassRatner and the Committee deem necessary and beneficial to the Committee and all unsecured creditors. The services that the Committee may request include, but are not limited to, the following services:

  (a) Analyze the Debtors' assets and liabilities and financial performance, prior to and during the bankruptcy;
  (b) Estimate the value of various assets and partnership interests owned by the Debtors;
  (c) Conduct a forensic analysis, as necessary, of the Debtors' financial affairs;
  (d) Analyze and estimate the value of certain claims against the Debtors;
  (e) Analyze projections related to the wind down of existing assets and consider projections for any reorganized Debtors;
  (f) Analyze various offers to refinance, purchase or invest in the Debtors or any reorganized Debtor;
  (g) Advise with regard to business agreements between the Debtors and third parties;
  (h) Advise with regard to the proposed plan of reorganization included in the Debtors initial bankruptcy filings;
  (i) Assist and advise the Committee in any manner relevant to the Debtors' financial affairs;
  (j) Act as a witness on behalf of the Committee on any financial matter relevant to the case;

(k) Assist, advise and represent the Committee in connection with any review of management, compensation issues, analysis of retention or severance benefits, or other management related issues;

(l) Assist and advise the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' business and the desirability of the continuance of any portion of the business, and any other matters relevant to this case;

(m) Assist and advise the Committee in its participation in the negotiation, formulation and drafting of a revised plan of reorganization;

(n) Assist with a review of the Debtors' performance of cost/benefit evaluations with respect to the affirmation or rejection of various executory contracts and leases;

(o) Attend meetings and assist in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

(p) Assist in the review and/or preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 proceedings;

(q) Assist in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers and any other litigation requiring financial analysis; and

(r) Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

9. It is essential that the Committee employ a financial advisor to render the foregoing professional services in order to assist the Committee with its duties and to handle the many issues that may arise in the context of these cases. The Committee believes that GlassRatner is qualified to serve it in these chapter 11 cases and that the retention of GlassRatner is in the best interests of these estates and creditors. Because of the number of emergent matters pending with the Court in this case, GlassRatner was requested to immediately begin many of the tasks outlined in paragraph 8 above. The services to be rendered by GlassRatner will not duplicate the services to be rendered by any other professionals retained by the Committee in these bankruptcy cases, and every effort will be made to ensure that GlassRatner's services are rendered in the most cost-effective manner possible.

10. GlassRatner's proposed compensation is set forth in the accompanying Affidavit of Ian Ratner (the "Ratner Affidavit"). In summary, the Debtors' estates shall reimburse GlassRatner for its hourly professional charges and disbursements. The Committee and GlassRatner understand that any compensation or reimbursement of expenses paid to GlassRatner must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and any administrative or other order concerning professional compensation and reimbursement entered in these proceedings. The hourly billing rates as of the date of the Ratner Affidavit are as follows, but subject to change in the ordinary course of GlassRatner's business:

| | |
|---|---|
| Principals | $450 to $500 per hour |
| Senior Managing Directors | $400 to $450 per hour |
| Senior Managers | $275 to $400 per hour |
| Managers | $250 to $275 per hour |
| Associates | $175 to $250 per hour |

11. The above-listed billing rates are consistent with those rates charged by GlassRatner for its representation of the Steering Committee. For the period beginning August 10, 2009 through the Petition Date, GlassRatner incurred fees of $670,825 and expenses of $41,324 in connection with the representation of the Steering Committee. Prior to the Petition Date, the Debtors paid all of the fees and expenses owed to GlassRatner. In addition, the Debtors paid a retainer before the Petition Date in the amount of $70,000 to Troutman Sanders LLP for the benefit of GlassRatner. After the Petition Date, Troutman Sanders LLP transferred the retainer to GlassRatner.

12. To the best of the Committee's knowledge and subject to the Ratner Affidavit, GlassRatner represents no other entity in connection with these cases, GlassRatner is a

5

"disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and GlassRatner does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed.

13. GlassRatner will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, GlassRatner will use reasonable efforts to identify such further developments by filing a supplemental declaration.

### NOTICE, PRIOR APPLICATION AND WAIVER OF BRIEF

14. Notice of this Application, including the Ratner Affidavit filed herewith, is being given to (i) the U.S. Trustee; (ii) counsel to the Debtors; and (iii) those parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). The Committee respectfully submits that, in light of the nature of the relief requested, no further notice is necessary or required.

15. No prior application has been made in this or any other Court.

16. The Committee submits that the Application does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above and, accordingly, submits that no brief is necessary.

17. To the best of the Committee's knowledge, GlassRatner has no connection with the creditors or any other adverse party or their attorneys except as otherwise noted in the attached Ratner Affidavit.

6
ny-905481

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order substantially in the form attached hereto (i) authorizing the retention of GlassRatner as its financial advisor, effective as of December 22, 2009, on the terms and conditions set forth herein, with fees and expenses to be paid pursuant to the Bankruptcy Rules, the Local Rules of this Court, and such other orders as the Court may direct, and (ii) granting such other and further relief as the Court deems necessary and just.

Dated: January 22, 2010

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FAIRFIELD RESIDENTIAL LLC, *et al.*

By: _____
Brian Collyer
Managing Director,
RBC Capital Markets
Chairperson of the Committee